SO ORDERED.

Dated: January 24, 2020
New York, New York

*/s/ Lorna G. Schofield*
**LORNA G. SCHOFIELD**
UNITED STATES DISTRICT JUDGE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/24/2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

ADYB ENGINEERED FOR LIFE, INC.,

    Plaintiffs,

EDAN ADMINISTRATION SERVICES LTD. and
POM ADVANCED ARMOR SOLUTIONS LLC.,

    Defendants.
----------------------------------------------------------------x

Civil Action No.:
1:19-cv-07800

**STIPULATED PROTECTIVE ORDER**

WHEREAS, Plaintiff/Counterclaim Defendant and Defendants/Counterclaim Plaintiffs (collectively, the "Parties," or individually, a "Party") in this action are engaged in discovery proceedings which will include, among other things, the taking of depositions, answering interrogatories, and the production of documents (including electronically stored information) for inspection and copying (herein "Discovery Materials"); and

WHEREAS the Parties believe that entry of this Stipulated Protective Order (the "Order") will provide a level of confidentiality appropriate to the sensitivity of such information as may be required under the applicable federal rules, local rules, and order(s) of this Court; and consistent with the need for a fair disposition of this action, the Court enters this Order governing the handling of such information produced, given, exchanged or filed by or among any of the Parties and non-parties to this action that are designated appropriately as confidential.

1. **Confidential Information**

(A) Any Party may designate any Discovery Materials as "Confidential" under the terms of this Stipulation and Order and the Court Rules and caselaw governing proper Confidentiality designations if the Party so designating the materials ("Designating Party") believes, in good faith, that such Discovery Materials contain non-public, confidential, proprietary, personal or commercially sensitive information of the Designating

-1-

Party, or otherwise merit such protection under applicable law, and that requires the protections provided in this Stipulation and Order (hereinafter "Confidential Protected Information"). The designation of Discovery Materials by the Designating Party as "Confidential" shall constitute a good faith representation by that Party that the Discovery Materials have been reviewed and that there is good cause for such designation.

(B) Any Party may designate any Discovery Materials as "Confidential -- Attorneys' Eyes Only" under the terms of this Stipulation and Order if the Designating Party believes, in good faith and under applicable law, that such Discovery Materials contain nonpublic information of such a highly commercially sensitive or proprietary nature of the Designating Party that requires the protections provided by such an Attorneys' Eyes Only designation in this Stipulation and Order (hereinafter "Confidential Attorneys' Eyes Only Protected Information"). The designation of Discovery Materials by the Designating Party as "Confidential Attorneys' Eyes Only" shall constitute a good faith representation by that Party that the Discovery Materials have been reviewed and that there is good cause in law for such designation

(C) Confidential Protected Information and Confidential Attorneys' Eyes Only Protected Information (hereinafter collectively "Protected Information") does not include materials that are or become, without violating this Order, a matter of public record or publicly-available by law or otherwise.

**2. Designation of Protected Information**

(A) The designation of Protected Information produced through discovery as "Confidential" or "Confidential Attorneys' Eyes Only" shall be made in the following manner:

1. Documents or other tangible materials, including electronically stored information, will, at the time of their production, be designated by stamping or labeling "Confidential" or "Confidential Attorneys' Eyes Only" on each page containing

any confidential information, or in any other reasonable manner appropriate to the form in which the confidential information is produced.

2. Deposition testimony shall be designated "Confidential" or "Confidential Attorneys' Eyes Only" (a) at the taking of the deposition by a statement on the record, by counsel at the time of such disclosure, or (b) by written notice sent to counsel of record for all Parties within fourteen (14) days after receiving a copy of the transcript. For a period of fourteen (14) days after their receipt of a transcript, all Parties shall treat the entire text of the deposition, including any transcripts containing Protected Information and exhibits containing Protected Information, as Confidential Attorney's Eyes Only under this Order. The Parties shall endeavor to avoid where possible a blanket Protected Information designation on the entire deposition testimony and accordingly, designate only those portions of the deposition testimony that qualify for any such Protected Information designation under this Order. The cover of each deposition transcript (including any copies thereof) that contains Protected Information shall bear the legend:

> "THIS DEPOSITION TRANSCRIPT CONTAINS CONFIDENTIAL [OR CONFIDENTIAL ATTORNEYS' EYES ONLY] INFORMATION PURSUANT TO PROTECTIVE ORDER"

In the event that such markings are not affixed by the court reporter, each party hereto agrees to affix the legends required by this paragraph to any and all printed or electronic copies of transcripts, or portions thereof, that contain Protected Information.

3. Non-documentary and non-testimonial material, such as oral statements of counsel on the record, will be designated orally at the time of disclosure.

4. The Parties may modify these procedures for any particular deposition through agreement on the record at such deposition or otherwise in writing,

or for any sets of documents produced electronically through prior agreement, without prior order of the Court.

(B) A Party's inadvertent failure to designate Protected Information as "Confidential" or "Confidential Attorneys' Eyes Only" does not constitute a waiver and may be corrected by a supplemental written notice to all Parties designating such Protected Information as "Confidential" or "Confidential Attorneys' Eyes Only", which notice shall be provided as promptly as practicable but by no later than within thirty (30) days after learning of the inadvertent failure to designate. The Parties receiving such supplemental written notice will then mark and treat such Protected Information as "Confidential" or "Confidential Attorneys' Eyes Only" and that Protected Information will be fully subject to this Order as if it had been initially designated. If a Party or other signatory to this Order already has disclosed such Protected Information that Party or signatory shall assist the Designating Party in retrieving such Protected Information from all recipients not entitled to receive it under the terms of this Order and shall act in good faith to prevent further disclosures except as authorized under the terms of this Order.

3. **Permissible Disclosure of Protected Information**

(A) Any Protected Information designated as "Confidential" may be disclosed only to the following persons: (i) a Party, including that Party's present officers, directors, and employees, to the extent necessary to assist counsel for that Party in the conduct of this action or for that Party to make decisions concerning this action; (ii) in-house counsel, outside counsel who has entered an appearance in this action on behalf of a Party, as well as such counsel's partners and associates, contract attorneys, paralegals, secretarial staff, clerical and other regular or temporary employees, and service vendors of such counsel (including outside copying and litigation support services); (iii) any outside experts or consultants who have been retained to provide assistance, expert advice or technical

-4-

consultation, provided that, prior to receiving Protected Information, any such outside expert or consultant signs the Endorsement of Protective Order attached as Exhibit A; (iv) the Court and its employees; (v) the jury or other trier of fact in this action; (vi) any person (and their counsel) indicated on the face of a document to be the author, addressee, or a copy-recipient of the document, or as to whom there has been deposition or trial testimony that the person was the author or a recipient of the document, provided that, prior to receiving Protected Information, any such person (and their counsel) sign the Endorsement of Protective Order attached as Exhibit A; (vii) persons, including non-parties, noticed for depositions or designated as trial witnesses and their attorneys, either to facilitate examination of those witnesses or to the extent reasonably necessary in preparing those witnesses to testify, and provided that no Protected Information is left in the possession of such person, and provided that, prior to receiving Protected Information, any such person (and their counsel) sign the Endorsement of Protective Order attached as Exhibit A; (viii) court reporters employed in connection with this litigation; and (ix) any other person only upon order of the Court or upon written agreement of the Designating Party.

(B) Any Protected Information designated as "Confidential -- Attorneys' EyesOnly" may be disclosed only to the following persons: (i) outside counsel who has entered an appearance in this action on behalf of a Party, as well as such counsel's partners and associates, contract attorneys, paralegals, secretarial staff, clerical and other regular or temporary employees, and service vendors of such counsel (including outside copying and litigation support services); (ii) any person (and their counsel) indicated on the face of a document to be the author, addressee, or a copy-recipient of the document, or as to whom there has been deposition or trial testimony that the person was the author or a recipient of the document, provided that, prior to receiving Protected Information, any such outside person

(andtheir counsel) sign the Endorsement of Protective Order attached as Exhibit A; (iii) any other person only upon order of the Court or upon written agreement of the Designating Party.

(C) All persons given access to Protected Information shall (i) read and agree to be bound by this Order, (ii) take all appropriate steps to prevent the disclosure of Protected Information, and (iii) consent to this Court's continuing jurisdiction for purposes of enforcing and remedying any violations of the Order. If a Party seeks to introduce Protected Information during the deposition of a deponent who is neither a Party nor a representative of a Party, that Party shall reasonably endeavor to obtain the deponent's agreement to be bound by this Order evidenced by the deponent's execution of the Endorsement of Protective Order attached as Exhibit A; but the failure to secure such agreement will in no way limit the scope of such deponent's examination. Regardless of whether such non-party deponent agrees to be bound by the terms of this Order, no Party shall allow such deponent to retain any copies of the Protected Information used during the deposition or to retain any transcripts of the deponent's testimony designated as Confidential, except to the extent such Protected Information was provided by the deponent.

(D) All Discovery Materials and Protected Information shall be used only in connection with and for the purpose of the above-captioned action, including counterclaims, cross-claims, third-party claims, and appeals (the "Litigation"), or any other proceeding pursuant to the Court's order, and for no other purpose whatsoever, including other litigation, whether or not such other litigation involves one or more parties to this action. Discovery Materials and Protected Information shall not be disclosed to any person, corporation or entity for any purpose except as provided herein.

(E) Notwithstanding any other provision of this Order, the Receiving Party may make any and all use of Protected Information without restriction which (i) becomes public through the action of persons other than the Receiving Party, provided that such action



does not violate the terms of this Order; or (ii) the Receiving Party independently derives or develops other than through discovery in this Litigation.

(F) All Parties, their respective counsel, and others bound by this Order will take all reasonable steps to prevent the disclosure of Protected Information other than in accordance with the terms of this Order.

(G) Nothing shall prevent broader disclosures beyond those limited by this Order if the Designating Party consents in writing to such disclosure.

(H) Nothing in this Order shall apply to or has any effect upon a Designating Party's use of its own Protected Information following its production.

(I) In the event additional parties join or are joined in this action, they shall not have access to Protected Information until the newly joined party or its counsel has executed the Endorsement of the Protective Order.

4. **Non-Party Designation of Discovery Material:** Any non-party to this Litigation may designate any information produced by it pursuant to subpoena or by agreement, as "Confidential" or "Confidential -- Attorneys' Eyes Only" under the terms of this Order, so long as the non-party executes the Endorsement of the Protective Order. A non-party shall designate any Protected Information as "Confidential" or "Confidential -- Attorneys' Eyes Only" in a manner consistent with the procedures described in this Order.

5. **Use of Confidential Protected Information in Depositions:** During a deposition, a deponent may be shown and examined about Confidential Protected Information provided that the provisions of this Order are complied with. Deponents will not retain or copy portions of the transcript of their depositions that contain Confidential Protected Information not provided by them.

6. **Filing of Protected Information with the Court:** Filing of material under seal in this Court is governed by Court Rules, procedures, all applicable federal rules, and any other applicable rules, laws or statues in effect in this Court.

> The Court does not necessarily seal information simply because it has been designated as confidential under this stipulation. The parties shall make a request, in compliance with the Court's Individual Rules, to file any material under seal.

7. **Declassification:** If any Party believes that any Protected Information designated as Confidential or Confidential -- Attorneys' Eyes Only is not properly subject to the confidentiality provisions of this Order, that Party (an "Objecting Party") may so notify the Designating Party in writing and provide a description of the material which the Objecting Party believes should not be designated as Confidential or Confidential -- Attorneys' Eyes Only, and serve copies of such notice to counsel of record for all other Parties herein. All Parties shall make good faith efforts to resolve the dispute without intervention of the Court. If the Parties are unable to resolve the dispute, the Objecting Party may request by motion a ruling that Confidential Protected Information designated as Confidential or Confidential -- Attorneys' Eyes Only is not entitled to such status and protection. The burden of establishing that the Protected Information has been properly designated as Confidential or Confidential — Attorneys' Eyes Only is on the Designating Party. The protection afforded by this Order shall continue unless and until the Court grants any such motion by the Objecting Party or by written agreement of the Designating Party.

8. **Subpoena by Third Parties, Courts or Agencies:** If another court or an administrative agency subpoenas or otherwise orders production of Protected Information which any Party or other person has obtained under the terms of this Order, the Party or other person to whom the subpoena or other process is directed will promptly notify the Designating Party in writing of all of the following: (a) the Protected Information requested for production in the subpoena or other process; (b) the date by which compliance with the subpoena or other process is requested; (c) the location at which compliance with the subpoena or other process is requested; (d) the identity of the party serving the subpoena or



other process; and (e) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena or other process has been issued. Unless otherwise ordered by such other court or administrative agency, Protected Information shall not be produced by theSubpoenaed Party for ten (10) business days from the Designating Party's receipt of written notice from the Subpoenaed Party of the Subpoenaed Party's receipt of a subpoena or other process. The Designating Party will bear the burden and all costs of opposing the subpoena, including challenging the return date of the subpoena, in connection with the protection of Protected Information, including those incurred by the Party to whom such legal obligation to produce is directed.

9. **Protected Information Offered as Evidence at Trial:** The manner in which Protected Information will be handled at trial shall be determined by the court conducting the trial.

10. **Return or Certified Destruction of Protected Information:** Within forty-five (45) days after conclusion of this Litigation, including any appeals related thereto, or such other time as the Designated Party may agree in writing, counsel and the Parties will, at their option, return or destroy Protected Information and all copies as reasonably required, and counsel will confirm in writing and the Parties will certify to the Designating Party, as appropriate, either that they are returning or that they have destroyed, all copies of Protected Information. If counsel elects to destroy Protected Information, they will consult with counsel for the Designating Party on the manner of destruction and obtain such Party's consent as to the method and means of destruction. However, counsel will not be required to return or destroy any pretrial or trial records that are regularly maintained by that counsel in the ordinary course of business; such records shall continue to be maintained as Protected Information in conformity with this Order. Counsel may retain the privileged communications, work product,



signed copies of the Endorsement of Stipulation and Protective Order, and all court-filed documents even though they contain Protected Information, but such documents will remain confidential subject to the terms of this Protective Order.

11. **Modification Permitted:** Nothing herein shall prevent any Party or other person from seeking modification of this Order, or objecting to discovery it believes to be improper.

12. **Responsibility of Attorneys as to Copies:** The attorneys of record are responsible for employing reasonable measures to control and track access to and distribution of Protected Information, including abstracts and summaries.

13. **No Waiver of Rights or Implication of Discoverability**

(A) No disclosure pursuant to any provision of this Order will waive any rights or privileges of any Party or person granted by this Order.

(B) This Order will not enlarge or affect the proper scope of discovery in this Litigation or any other litigation; nor will it imply that Protected Information is properly discoverable, relevant, or admissible in this or any other litigation. Each Party reserves the right to object to any disclosure of information or production of any documents that the Designating Party designates as Protected Information on any ground it deems appropriate.

(C) The entry of this Order shall be without prejudice to the rights of the Parties or any non-party to assert or apply for additional or different protection. Nor will entry of the Order operate as an admission by any Party or non-party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Protected Information. Nothing herein prevents any Party from seeking an appropriate protective order to further govern the use of Protected Information at trial.

(D) Nothing in this Order prevents a Designating Party from any use of its own documents and information.



The parties are advised that the Court retains discretion whether to afford confidential treatment to any filed material -- even if designated confidential under this stipulation and filed under seal -- in Court orders and proceedings.

STIPULATED AND AGREED TO BY:

ZELL & ASSOCIATES INTERNATIONAL ADVOCATES LLC
Attorneys for Defendants/Counterclaim Plaintiffs

CITTONE DEMERS & ARNERI LLP
Attorneys for Plaintiff/Counterclaim Defendant

By: _____
Jeffrey E. Michels, Esq

Dated: December 5, 2019

By: _____
Henry Cittone, Esq.

Dated: December 9, 2019