```
UNITED STATES DISTRICT COURT                    USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                   DOCUMENT
-------------------------------------------------------------X  ELECTRONICALLY FILED
                                             :               DOC #:_____
ADYB ENGINEERED FOR LIFE, INC.,              :               DATE FILED: 1/29/2020
                                             :
                              Plaintiff,     :   19 Civ. 7800 (LGS)
                                             :
              -against-                      :   ORDER
                                             :
EDAN ADMINISTRATION SERVICES LTD.            :
and POM ADVANCED ARMOR SOLUTIONS             :
LLC,                                         :
                                             :
                              Defendants.    :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS this dispute involves the assignment of patents by Plaintiff ADYB Engineered For Life, Inc. ("ADYB") to Defendant Edan Administration Services Ltd. ("Edan") and ADYB's attempted revocation of the assignment. (*See* Dkt. No. 1). Subject matter jurisdiction is based on diversity of citizenship in that Plaintiff is a citizen of New York, and Defendants, for jurisdictional purposes, are citizens of Ireland, a foreign state (Dkt. No. 1 at 1-2/15);

WHEREAS, on November 6, 2019, Defendants Edan and POM Advanced Armor Solutions LLC ("PAAS") filed an answer and counterclaims against ADYB and ADYB's owner and chief executive officer, Hananya Cohen ("Mr. H. Cohen") (Dkt. No. 23). The counterclaims assert subject matter jurisdiction based on diversity of citizenship, notwithstanding the addition of Mr. H. Cohen to the action as a counterclaim defendant, allegedly because the counterclaims are compulsory. (Dkt. No. 23 n.2). Although his citizenship is not alleged, Mr. H. Cohen is alleged to be a non-domiciliary of New York in the counterclaims' allegations of personal jurisdiction under CPLR section 302 (Dkt. No. 23 at 11-12/48 & n.2);

WHEREAS, on November 27, 2019, ADYB filed an answer to the counterclaims (Dkt.

No. 27). Mr. H. Cohen did not answer and no counsel has appeared on his behalf;

WHEREAS, on November 27, 2019 -- without complying with the Court's Individual Rules -- ADYB filed a partial motion to dismiss the counterclaims under Rule 12(b)(6) for failure to state a claim. (Dkt. No. 28). On December 3, 2019, the motion was denied without prejudice to renewal, pending mediation and compliance with the Court's Rules (Dkt. No. 32);

WHEREAS, after an unsuccessful mediation, in December 2019, the parties exchanged required letters regarding ADYB's proposed partial motion to dismiss the counterclaims. (Dkt. Nos. 35, 40). Edan and PAAS stated their intention to file amended counterclaims as of right, thus mooting some of ADYB's arguments (Dkt. No. 40);

WHEREAS, on December 23, 2019, Edan and PAAS filed a pre-motion letter to move to join Mr. H. Cohen as a counterclaim defendant under Federal Rules of Civil Procedure 13, 19 and 20 (notwithstanding the prior filing of the amended counterclaims joining Mr. H. Cohen), and requesting guidance as to whether such a motion was necessary (Dkt. No. 39);

WHEREAS, Orders, dated January 3, 2020, (1) directed ADYB to respond to Edan and PAAS's joinder letter (Dkt. No. 41), (2) denied ADYB's application to set a briefing schedule for its motion to dismiss, (3) allowed Edan and PAAS to file amended counterclaims by January 9, 2020, and (4) gave the parties the opportunity to file new pre-motion letters and a proposed briefing schedule by January 23, 2020, for a forthcoming motion to dismiss (Dkt. No. 42);

WHEREAS, on January 7, 2020, Edan and PAAS filed an amended answer to the complaint and amended counterclaims (Dkt. No. 44), naming Mr. H. Cohen as a counterclaim defendant, and Edwin Cohen ("Mr. E. Cohen") as a counterclaim plaintiff, and offering to move if necessary to effectuate their joinder (Dkt. No. 44 at 8/51 & nn.1-2);

WHEREAS, on January 9, 2020, ADYB filed an amended complaint (Dkt. No. 45);

WHEREAS, on January 10, 2020, counsel for ADYB, who does not represent Mr. H.

Cohen, filed a response to Edan and PAAS's joinder letter (Dkt. No. 46);

WHEREAS, on January 16 and 23, 2020, the parties exchanged required letters regarding ADYB's proposed partial motion to dismiss the amended counterclaims for failure to state a claim (Dkt. Nos. 48, 50);

WHEREAS, on January 23, 2020, Edan and PAAS filed an answer to the amended complaint and filed amended counterclaims again naming Mr. H. Cohen as a counterclaim defendant, and Mr. E. Cohen as a counterclaim plaintiff (Dkt. No. 49). It is hereby

**ORDERED** that as soon as possible and no later than **February 5, 2020**, Edan and PAAS shall file a proof of service of the amended counterclaims on Mr. H. Cohen. It is further

**ORDERED** that Edan and PAAS shall file a letter, not to exceed five pages, by **February 5, 2020**, setting forth the legal grounds for joining Mr. H. Cohen as a counterclaim defendant and Mr. E. Cohen as counterclaim plaintiff under Rules 13, 19 and 20, in light of the recently filed amended complaint and amended counterclaims. Within 21 days of service on him of the amended counterclaims, Mr. H. Cohen shall file a response to Edan and PAAS's forthcoming letter. Specifically, in addition to any other arguments the parties deem necessary, both letters shall address:

- Whether each of the amended counterclaims considered separately is compulsory under Rule 13(a);
- Whether each of the amended counterclaims arises out of "the same case or controversy as the Plaintiff's claims," i.e., whether each of the counterclaim arises out of a "common nucleus of operative fact" as Plaintiff's claims;
- Whether the Court has supplemental jurisdiction under 28 U.S.C. § 1367 over each of the amended counterclaims, *see* 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1414 (3d ed. 2019);

- Where Mr. H. Cohen and Mr. E. Cohen respectively claim citizenship for the purpose of diversity jurisdiction, particularly in light of ADYB's argument regarding Mr. H. Cohen's voluntary dismissal in a prior action (Dkt. No. 46 at 3/3).

- Whether, under applicable law, the citizenship of Mr. H. Cohen and/or Mr. E Cohen would destroy diversity of citizenship but for principles of ancillary and supplemental jurisdiction.

Dated: January 29, 2020
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**