


HENRY J. CITTONE
PHONE 212.710.5619
FAX 212.624.0244
HCITTONE@CDALAWLLP.COM

August 6, 2020

By Email & ECF
Hon. J. Vyskocil
Southern District of New York
500 Pearl Street
New York, New York

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  8/10/2020
```

Re: <u>ADYB v. Edan et al. 19 Civ 7800 (SDNY)</u>

Dear Judge Vyskocil,

    We write concerning a serious discovery dispute that has arisen between Plaintiff and Defendant in this case concerning the cancellation of party witness depositions. The Parties have met and conferred by telephone and have been unsuccessful in resolving their dispute. Depositions are scheduled to be completed by August 30, 2020 per the last order in this case. The Parties submit this joint letter pursuant to Local Civil Rule 37.2 and Your Honor's Individual Practices Section 3(D).

**Plaintiff's Statement**

    In a nutshell, because Plaintiff ADYB's CEO Hananya Cohen has taken seriously ill and cannot be deposed until his doctor allows him, Defendants have refused to produce all three of their party witnesses and have canceled the deposition of ADYB's Chief Technology Officer which they noticed. Party witnesses Craig Schwimmer, Edwin Cohen and Daniel Turetsky were scheduled for deposition by agreement of the parties on July 27th, 21st and August 5th, respectively.

    ADYB held a meet and confer on Friday which concluded on Monday. During that meet and confer the Defendants refused to agree to produce the witnesses and when queried did not provide any authority that would allow for them to withhold all of their party witnesses. They were also not interested in re-scheduling the deposition of ADYB's Chief Technology Officer, Marvin Silverberg which they had canceled.

    Pursuant to Your Honor's Individual Practices, ADYB requests the scheduling of a pre-motion conference at the Court's earliest convenience, bearing in mind depositions are supposed to conclude on August 30, 2020.

<u>Background</u>

    Hananya Cohen's deposition was scheduled for July 16, 2020. On July 9 he informed ADYB that he and his family had been exposed to Covid-19 by a repair technician who entered their home and that he was arranging medical appointments for testing that week. After seeing the doctor he was informed that while he thankfully did not have Covid-19 he did have a serious medical condition for which testing and treatment was required as soon as possible. ADYB re-

Page 2

scheduled H. Cohen's deposition for July 23, 2020 in the hopes that he would recover enough by then. He did not.

Doctor's notes precluding his attendance at work were provided to counsel for Defendants. The response from counsel was that H. Cohen was faking his illness with a "generic doctor's note". The doctor's notes provided are the only public-facing documents doctors can provide under medical privacy laws in Israel, and this law is plainly stated on the note. Defendant's counsel is fluent in Hebrew and thus can readily read the notes: "Commencing "November 2015, in accordance with the Law of Sick Pay Regulations, it is forbidden to indicate a diagnosis in a Confirmation of Illness."

At the meet and confer ADYB verbally informed Defendant's counsel of the up to 3-month limitation on H. Cohen's activities in the latest communication from his doctor. *ADYB is ready to provide a certified translation of the full doctor's letter describing H. Cohen's condition in detail for in camera review and all existing medical records*. ADYB has obtained the consent of H. Cohen to share this private information with the Court. ADYB informed counsel for Defendants that it was prepared to provide the medical documents for in camera review, yet they still persisted in withholding their witnesses and have instead improperly filed for leave to move to compel H. Cohen's attendance at a deposition while he is gravely ill. This filing, which is filled with misstatements and factual errors and omissions, is in derogation of Local Rule 37.2 and Your Honor's Individual Practices which taken together require a request for a pre-motion conference via joint letter.

It is apparent from conversations with Defendants' counsel that their primary motivation to withhold their party witnesses is to have H. Cohen's deposition go first in order to allow their party witnesses to review his transcript prior to their depositions[1] - most of the meet and confer was spent discussing ways this could happen or discussing a fallback plan where H. Cohen would stipulate not to read deposition transcripts but their side would have no such stipulation in reading deposition transcripts in this case. While litigations necessarily involve strategies on the part of counsel, violation of the Federal Rule of Civil Procedure 37(d) by refusing to produce witnesses who are fully able to testify is not one of them. Neither is sending a letter to the court filled with known factual inaccuracies and omissions for the sole purpose of casting a party in a bad light.

Conclusion

Plaintiff ADYB therefore requests (1) that the Court review H. Cohen's medical information in camera and come to its own conclusion based on the evidence as to whether his deposition should be moved to the <u>earliest date</u> when it can be medically permitted[2], (2) order the Defendants to produce their witnesses and take all depositions previously noticed (if they still want to) within the current schedule and (3) sanctions as appropriate under Rule 37(d) for the reasonable expenses, including attorney's fees, caused by the failure to appear for three depositions.

---

[1] Defendants also canceled the planned July 27, 2020 deposition of non-party PPG Industries witness Carlo Scarini.
[2] ADYB commits to keeping Defendant's counsel apprised of H. Cohen's situation so that a deposition can proceed as soon as possible consistent with respecting the health and welfare of a human being.

Page 3

**Defendant's Statement**

Further to Defendants Edan/PAAS's letter to this Court dated August 3, 2020 (ECF #116), Defendants Edan/PAAS respectfully request leave to move for an order from this Court pursuant to F.R.C.P. Rule 37, compelling Plaintiff ADYB's Owner, President and CEO Hananya Cohen ("Mr. H. Cohen") to be produced forthwith for his deposition via Zoom, and that Mr. H. Cohen's deposition be completed prior to the commencement of the depositions of (1) Defendants Edan/PAAS's witnesses and (2) the non-party witnesses.

Mr. H. Cohen, who is the main witness in this lawsuit, was scheduled to be deposed three weeks ago via Zoom from his home in Israel, which was to then be followed by the depositions of Defendants Edan/PAAS's witnesses, and thereafter the non-party witnesses.

To date, Mr. H. Cohen has not been produced for his Zoom deposition.

Mr. H. Cohen's attorney, Mr. Cittone, claims that his client has an illness which he will not disclose, and as a result, Mr. H. Cohen cannot testify at his Zoom deposition for up to the next three (3) months. In addition, Mr. Cittone is demanding that Defendants Edan/PAAS first produce their witnesses for Zoom depositions prior to Mr. H. Cohen's Zoom deposition.

The parties previously agreed that Mr. H. Cohen, as the main witness and representative of his company Plaintiff ADYB, would be the first witness to be deposed. This was subsequently confirmed in Mr. Cittone's July 10, 2020 email to the undersigned that Mr. H. Cohen's deposition will "go first".

Over the last several weeks, Mr. Cittone has provided us with two barebones and generic notes in Hebrew from a doctor in Israel, simply stating that Mr. H. Cohen cannot go to work first through July 20th and then through July 29th. These letters made no reference to any medical condition or other reason for the alleged inability to work. However, these letters do not say anything as to Mr. H. Cohen's ability to participate in a Zoom deposition from his home. Mr. H. Cohen would not be going to work or even leaving his home, as his participation in the Zoom deposition would take place from inside the comfort of his home. All the documents to be presented, which Mr. H. Cohen is already familiar, would be shown to him via the Zoom screen sharing function. We have even offered to break up Mr. H. Cohen's deposition into two consecutive days (and if needed a third day), which was summarily rejected by Mr. Cittone.

Mr. H. Cohen has directly placed his medical condition in issue in support of his request from this Court for a 90-day stay of his Zoom deposition. Under normal circumstances, a doctor's certificate setting out Mr. H. Cohen's alleged illness would justify a short stay in the taking of the deposition, as it did for the two-week period in July.

However, Mr. H. Cohen's 90-day stay request is akin to a request for a protective order under FRCP Rule 26(c). This type of request requires more than a conclusory statement by a physician. For such requests, Mr. H. Cohen will have to come forward with detailed information supporting the opinion. "The opposing party has a right for itself and on behalf of the Court to examine the matter in more detail". *Cf. Medlin v. Andrew*, 113 F.R.D. 650, 653 (M.D.N.C. 1987) (There, the court also found that "the brief and conclusory doctor's certificate is not sufficient to

obtain a blanket ninety-day protective order against her deposition"); *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1410 (5th Cir. 1995) (recounting that the U.S. Magistrate Judge would not excuse the deponent's nonappearance <u>unless his treating physician would confirm the severity of his illness by affidavit</u>) [Emphasis Added]; *cf. Schorr v. Briarwood Estates Ltd. P'ship,* 178 F.R.D. 488, 491 (N.D. Ohio 1998) ("In seeking to prevent or delay a deposition on medical grounds, the moving party has the burden of making a specific and documented factual showing that the deposition will be dangerous to the deponent's health."); *Coursey v. City of Camden*, 2009 WL 961537, at *3 (D.N.J. Apr. 7, 2009) (Same).

Accordingly, Mr. Cittone should be required to submit to this Court (1) a detailed Affidavit from Mr. H. Cohen's doctor signed before an Israeli Notary as to his current condition, a summary of test results and course of treatment and (2) the medical records and reports including test results in support of the Affidavit. The doctor should also articulate in the Affidavit as to why Mr. H. Cohen is unable to participate in a Zoom deposition from his home for three months; and why it will be dangerous to his health to proceed.

The supporting medical records to the Affidavit should either be in English or translated from Hebrew to English and confirmed for accuracy by an Israeli Notary.

Defendants should also be entitled to review the Affidavit and supporting medical records and have the option to designate a local doctor to (1) review the Affidavit and supporting medical documents and (2) conduct an examination of Mr. H. Cohen.

**Party-Related Witnesses**
It is clear that Mr. H. Cohen and his company Plaintiff ADYB are attempting to seek an advantage to first hear the testimony of Defendants Edan/PAAS's witnesses before providing his testimony in order that Mr. H. Cohen can tailor his subsequent testimony and claims on behalf of Plaintiff ADYB. It can be assumed that Mr. H. Cohen will be well enough to participate and observe from his home the Zoom depositions of Defendants Edan/PAAS's witnesses, or subsequently review a recording of the depositions and/or the transcripts.

**Non-Party Witnesses**
In relation to the non-party witnesses, Defendants need to first elicit important deposition testimony from Mr. H. Cohen before proceeding with the depositions of the non-party witnesses. Four of the non-parties are located in Israel and another non-party witness is located in California. Defendants intend to use the deposition transcripts from these witnesses at trial in lieu of calling them at trial, and therefore the depositions will be the only opportunity for Defendants to question these witnesses.

**Failure of Mr. H. Cohen to Participate and Continuous Delays**
There has been a consistent pattern of Mr. H. Cohen avoiding to participate in this lawsuit which he commenced on behalf of his company, Plaintiff ADYB as detailed in Defendants Edan/PAAS's letter to this Court dated August 3, 2020 (ECF #116).

**Conclusion**

   Defendants Edan/PAAS respectfully request leave to move for an order from this Court pursuant to F.R.C.P. Rule 37, compelling Plaintiff ADYB's Owner, President and CEO Hananya Cohen to be produced forthwith for his deposition via Zoom, and that Mr. H. Cohen's deposition be completed prior to the commencement of the depositions of (1) Defendants Edan/PAAS's witnesses and (2) the non-party witnesses.

Respectfully submitted,

/Henry J. Cittone/

Henry J. Cittone
*Counsel for Plaintiff*

Respectfully submitted,

/Jeffrey E. Michels/

Jeffrey E. Michels
*Counsel for Defendants*

---

It is hereby ORDERED that there will be a hearing on this discovery dispute on Thursday, August 13, 2020 at 11:30AM. The hearing will be held telephonically and may be accessed by dialing (888) 278-0296 at the scheduled time. When prompted, enter access code 5195844#. The Court will join once all parties are on the line. It is further ORDERED that, on or before April 11, 2020, Plaintiff is to provide to the Court, via email to chambers for *in camera* review, a certified translation of the full doctor's letter describing H. Cohen's condition in detail, along with all relevant medical records. SO ORDERED.

Date: 8/10/2020
New York, New York

/Mary Kay Vyskocil/
Mary Kay Vyskocil
United States District Judge