USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___3/28/2022___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADYB ENGINEERED FOR LIFE, INC.,

Plaintiff,

-against-

EDAN ADMINISTRATION SERVICES LTD. and POM
ADVANCED ARMOR SOLUTIONS LLC,

Defendants.

1:19-cv-7800-MKV

OPINION AND ORDER

MARY KAY VYSKOCIL, United States District Judge:

The dispute among the parties has a long history.[1]  The present case was filed by ADYB

Engineered For Life, Inc. ("ADYB") against Defendants Edan Administration Services (Ireland)

Ltd. ("EDAN") and Pom Advanced Armor Solutions LLC ("PAAS") alleging breach of contract,

conversion, and abuse of process.  [ECF No. 45].  EDAN and PAAS have answered and,

together with Edwin Cohen ("E. Cohen"), EDAN's owner, asserted counterclaims against

ADYB for breach of contract, fraud, and unjust enrichment (among others).  (Defendants'

Answer to First Amended Complaint and Defendants' First Amended Counterclaims ("Def. First

Am. Counterclaims") [ECF No. 49] ¶¶ 86–125).  The counterclaims added ADYB and, its owner

and CEO, Hananya Cohen ("H. Cohen") as counterclaim defendants.  (See Def. First Am.

Counterclaims).  E. Cohen has also asserted independent claims for breach of contract and unjust

enrichment against ADYB and H. Cohen.  (Def. First Am. Counterclaims ¶¶ 126–137).

---

[1] See Background, Part II supra.

# BACKGROUND

## I.   Factual Background

In September 2011, ADYB entered into a contract (the "Investment Agreement") with EDAN (formerly known as NEWCO) and E. Cohen, as owner and a representative of EDAN, relating to the development of body-armor technology developed by H. Cohen, the owner and CEO of ADYB.  (Def. First Am. Counterclaims ¶¶ 15, 20, 26).[2]  Under the Investment Agreement, E. Cohen committed to invest $250,000 in ADYB in exchange for a twenty-percent interest in the company.  (Def. First Am. Counterclaims ¶ 21).

The Investment Agreement provides for H. Cohen, upon receipt of two investment payments from E. Cohen, to transfer the rights to his armor-related patents to ADYB and then for ADYB to license the patents to EDAN.  (Def. First Am. Counterclaims ¶¶ 22, 24).  Under the terms of the Investment Agreement, EDAN is subject to benchmarks, or milestones, limiting its rights under its license if the technology was certified at certain performance levels by the National Institute for Justice ("NIJ"), an agency of the U.S. Department of Justice.  (Def. First Am. Counterclaims ¶ 25).  Initial testing of the armor-related technology was promising, but did not satisfy the performance levels necessary to be certified by NIJ.  (Def. First Am. Counterclaims ¶ 30).

As a result of the promising test results, EDAN, ADYB, and H. Cohen executed two new agreements, or memoranda of understanding.  (Def. First Am. Counterclaims ¶ 31).  Pursuant to those memoranda of understanding, H. Cohen assigned the patents to EDAN to assist EDAN in

---

[2] The following facts are adduced from the first amended answer and counterclaim.  For purposes of ADYB's 12(b)(6) motion, the Court accepts as true the factual allegations in the first amended counterclaim and draws all reasonable inferences in favor of EDAN and PAAS.  *Oakley v. Dolan*, 980 F.3d 279, 283 (2d Cir. 2020); *CBF Indústria de Gusa S/A v. AMCI Holdings, Inc.*, 850 F.3d 58, 77 (2d Cir. 2017); *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 154 (2d Cir. 2006).  For purposes of resolving the 12(b)(6) motion, the Court considers only the allegations in the first amended counterclaim.  With respect to the other motions, the Court considers matters outside the pleadings where appropriate.

soliciting additional investments and ADYB assigned ownership of its physical and intellectual property to EDAN.  (Def. First Am. Counterclaims ¶¶ 33, 37).

Over the next two years, ADYB and EDAN worked together to develop the technology. (Def. First Am. Counterclaims ¶¶ 39, 43).  EDAN paid H. Cohen a monthly salary of $2,000 to $3,000 per month, despite the contracts not calling for such payments.  (Def. First Am. Counterclaims ¶¶ 40, 50).

During this time, EDAN began exploring a potential business relationship with PPG Industries, Inc. ("PPG"), which was interested in using the patented technology for armored vehicles.  (Def. First Am. Counterclaims ¶¶ 46–47).  EDAN alleges that H. Cohen knew that an ownership dispute over the patents would ruin the potential business relationship between EDAN and PPG and so demanded that EDAN increase his monthly payments from $3,000 to $8,000. (Def. First Am. Counterclaims ¶¶ 49–50).  EDAN gave in to these demands because, it alleges, it feared that H. Cohen would destroy the potential deal with PPG.  (Def. First Am. Counterclaims ¶ 50).

EDAN, through its wholly owned subsidiary PAAS, entered into a two-year license agreement with PPG (the "PAAS-PPG License Agreement"), under which PAAS would earn royalties from PPG's sales of licensed products.  (Def. First Am. Counterclaims ¶¶ 52–53 & n.5). PPG was later awarded a contract from the United States Tank Automotive Research, Development and Engineering Center ("TARDEC") to study and develop the licensed products. (Def. First Am. Counterclaims ¶ 55).

As the PAAS-PPG relationship formed, E. Cohen and H. Cohen realized that the initial benchmarks in the Investment Agreement, though never triggered because the armor-related technology was not certified by NIJ, risked chilling prospective investors.  (Def. First Am. Counterclaims ¶ 59).  Nonetheless, E. Cohen and H. Cohen could not reach an agreement to

revise the original Investment Agreement.  (Def. First Am. Counterclaims ¶ 69).  At the same time, EDAN alleges that H. Cohen threatened to terminate the parties' business arrangements if EDAN did not increase his monthly payments to $16,000.  (Def. First Am. Counterclaims ¶ 67).  Fearful that H. Cohen would act on his threats, EDAN acquiesced.  (Def. First Am. Counterclaims ¶ 67).

Amid all of this, in September 2017, H. Cohen filed documents with the United States Patent and Trademark Office ("USPTO") claiming EDAN breached its agreements with him, he had revoked his assignments to EDAN of the patents, and ADYB was now the assignee of his patents.  (Def. First Am. Counterclaims ¶ 71).  Approximately one year after filing the documents with the USPTO, H. Cohen wrote to PPG claiming that PAAS "no longer holds a marketing license for my patents" and requested confirmation that PPG was no longer marketing his patents.  (Def. First Am. Counterclaims ¶ 77).  EDAN alleges that H. Cohen also sent numerous disparaging e-mails to PPG representatives, calling EDAN and PAAS liars, fraudsters, and like terms.  (Def. First Am. Counterclaims ¶ 80).  H. Cohen continued to assert to PPG that EDAN breached the Investment Agreement and approached PPG to inquire whether it would be interested in a deal with ADYB to the exclusion of EDAN and PAAS.  (Def. First Am. Counterclaims ¶¶ 78, 82).

## II.    Procedural History

In May 2019, EDAN, PAAS, and E. Cohen sued ADYB and H. Cohen in the Southern District of New York invoking the Court's diversity jurisdiction and seeking a preliminary injunction to stop H. Cohen from further damaging the relationship with PPG.  (Declaration of Danny Turetsky ("Turetsky Decl.") [ECF No. 95-3] ¶ 3); Complaint, Dkt. No. 1, *Edan Admin. Servs. Ltd. v. Cohen*, 1:19-cv-05051 (S.D.N.Y. May 30, 2019) (Caproni, J.); Mot. Prelim. Inj., Dkt. No. 4, *Edan Admin. Servs.*, 1:19-cv-05051 (S.D.N.Y. May 31, 2019).  At the preliminary

injunction hearing, EDAN, PAAS, and E. Cohen voluntarily dismissed H. Cohen from the case without prejudice upon learning that his citizenship status — a U.S. citizen domiciled abroad and therefore a citizen of no state for diversity purposes — would destroy subject matter jurisdiction. (Turetsky Decl. ¶ 5); Order, Dkt. No. 32, *Edan Admin. Servs.*, 1:19-cv-05051 (S.D.N.Y. July 10, 2019).  Shortly after their motion for a preliminary injunction was denied, EDAN, PAAS, and E. Cohen voluntarily dismissed the action without prejudice.  (Turetsky Decl. ¶ 6); Notice of Voluntary Dismissal, Dkt. No. 33, *Edan Admin. Servs.*, 1:19-cv-05051 (S.D.N.Y. July 23, 2019).

EDAN, PAAS, and E. Cohen prepared to file a lawsuit against H. Cohen in Israel, but, in the interim, ADYB commenced this action against EDAN and PAAS in August 2019.  (Turetsky Decl. ¶¶ 6, 8–9).  ADYB asserted claims against EDAN and PAAS for breach of contract, conversion, and abuse of process.  [ECF No. 1].  In November 2019, EDAN and PAAS answered and asserted several counterclaims against ADYB and H. Cohen, jointly and severally, noting that they intended to move to add H. Cohen as a party pursuant to Federal Rule of Civil Procedure 13(h).  [ECF No. 23 at 8 n.1].  In December 2019, the Court (Schofield, *J.*) entered a Case Management Plan and the parties began discovery.  [ECF No. 36].

Shortly thereafter, ADYB filed an amended complaint asserting the same three claims against EDAN and PAAS.  [ECF No. 45].  EDAN and PAAS filed an amended answer and, together with E. Cohen, asserted counterclaims against ADYB and H. Cohen, jointly and severally, for breach of contract, several torts, and declaratory relief.  [ECF No. 49 ¶¶ 86–125, 138–39].  In addition, E. Cohen independently asserted claims against ADYB and H. Cohen, jointly and severally, for breach of contract and unjust enrichment.  [ECF No. 49 ¶¶ 126–37].

At this same time, the case was reassigned to me.  Subsequent to that reassignment, the parties filed several motions.  ADYB moved to dismiss EDAN and PAAS's tort and declaratory relief counterclaims pursuant to Rule 12(b)(6).  [ECF No. 65].  H. Cohen moved to dismiss all of

the counterclaims that EDAN and PAAS brought against him, pursuant to Rules 12(b)(4) and 12(b)(5), for insufficient process and service of process. [ECF No. 91]. EDAN and PAAS moved to join E. Cohen (as counterclaim plaintiff) and H. Cohen (as counterclaim defendant) as necessary or, alternatively, permissive parties pursuant to Federal Rules of Civil Procedure 13(h), 19, and 20. [ECF No. 93]. And EDAN and PAAS moved for leave to file a second amended answer and counterclaim, pursuant to Rule 15(a)(2), to add a counterclaim for fraudulent conveyance against H. Cohen. [ECF No. 130].

While these motions were pending, the Court held a Post-Discovery Conference on March 2, 2021. At the conference, the parties represented that except for two hours of H. Cohen's deposition (which the parties later resolved by stipulation [ECF No. 160]), all discovery was complete and no additional discovery was required [ECF No. 156]. Shortly after the Post-Discovery Conference, the parties filed a joint letter requesting that the Court schedule a bench trial for this matter in October 2021. [ECF Nos. 159, 161].

Subsequently, the Court issued a Memorandum Opinion and Order resolving the four outstanding motions. (March 20201 Memorandum Opinion ("Mem. Op.") [ECF No. 162]). *First*, the Court granted the motion of EDAN and PAAS to join H. Cohen and E. Cohen as parties, finding that both parties were necessary as parties to the contracts at issue and that the Court has subject matter jurisdiction over the counterclaims of EDAN, PAAS, and E. Cohen and E. Cohen's independent claims. (Mem. Op. at 7–32). *Second*, the Court denied without prejudice the motion of H. Cohen to dismiss the counterclaims against him for insufficient process and service of process as premature because he was yet to be joined as a party to the case. (Mem. Op. at 33). *Third*, the Court granted in part and denied in part ADYB's motion to dismiss, dismissing several counterclaims asserted by EDAN, PAAS, and E. Cohen against ADYB and H. Cohen. (Mem. Op. at 34–51). *Finally*, the Court denied EDAN and PAAS's

request for leave to amend to assert a cause of action against H. Cohen, finding that amendment would be futile for lack of subject matter jurisdiction, specifically supplemental jurisdiction, because the proposed claim was unrelated to the claims within the Court's original jurisdiction. (Mem. Op. at 51–52).

After the Court issued its Memorandum Opinion and Order, the Court granted ADYB leave to move to dismiss the independent claims of E. Cohen because those claims only became answerable when E. Cohen was joined as a party.  [ECF No. 175].

Notwithstanding that the parties requested that the Court set a date for a bench trial in October 2021, after the Court granted ADYB leave to move to dismiss the independent claims of E. Cohen, the parties filed five additional sets of letter requests.  The currently outstanding letter requests and motions are as follows:

1. The motion of ADYB to dismiss E. Cohen's independent counterclaims for breach of contract and unjust enrichment [ECF Nos. 179, 180, 183];

2. The request of ADYB for leave to further amend the Amended Complaint to assert against E. Cohen its breach of contract claim currently plead against EDAN and PAAS [ECF Nos. 181 and 182];

3. The request of H. Cohen for leave to move to dismiss the breach of contract and unjust enrichment counterclaims of EDAN, PAAS, and E. Cohen and E. Cohen's independent claims for breach of contract and unjust enrichment [ECF Nos. 187, 189];

4. The request of EDAN and PAAS for leave to move to dismiss ADYB's breach of contract claim on statute of limitations grounds or, alternatively, to further amend the Amended Answer and Counterclaim to add an affirmative defense of statute of limitations [ECF Nos. 176, 177, 178];

5. The request of EDAN, PAAS, and E. Cohen for leave to move to dismiss H. Cohen's counterclaims for lack of subject matter jurisdiction [ECF Nos. 190, 191]; and

6. The request of E. Cohen for leave to further amend the Amended Answer and Counterclaim to add a claim for conversion against ADYB and H. Cohen [ECF Nos. 184, 185].

For the following reasons, (1) ADYB's motion to dismiss [ECF No. 179] is granted in full, (2) ADYB's request [ECF No. 181] for leave to further amend the Amended Complaint to assert against E. Cohen its breach of contract claim currently plead against EDAN and PAAS, is denied, (3) H. Cohen's request [ECF No. 187] for leave to move to dismiss the breach of contract counterclaim of EDAN, PAAS, and E. Cohen is granted, H. Cohen's request for leave to move to dismiss the unjust enrichment counterclaim of EDAN, PAAS, and E. Cohen is denied, and H. Cohen's request for leave to move to dismiss E. Cohen's independent claims for breach of contract and unjust enrichment is denied as moot, (4) EDAN and PAAS's request [ECF No. 176] for leave to move to dismiss part of ADYB's breach of contract claim or, alternatively, to further amend the Amended Answer and Counterclaim to add an affirmative defense of statute of limitations is denied, (5) EDAN, PAAS, and E. Cohen's request [ECF No. 190] for leave to move to dismiss H. Cohen's counterclaims is granted, and (6) E. Cohen's request [ECF No. 184] for leave to further amend the Amended Answer and Counterclaim to add a claim for conversion against ADYB and H. Cohen is denied.

## LEGAL STANDARDS

### I.   Rule 12(b)(6)

Courts evaluate a motion to dismiss a counterclaim under the same standard as a motion to dismiss a claim in a complaint. *E.g.*, *Dentsply Int'l Inc. v. Dental Brands for Less LLC*, No. 15 Civ. 8775, 2016 WL 6310777, at *2 (S.D.N.Y. Oct. 27, 2016) (citing *Keep on Kicking Music, Ltd. v. Hibbert*, No. 15 Civ. 7464, 2016 WL 4386047, at *2 (S.D.N.Y. Aug. 17, 2016)).  To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In ruling on a motion to dismiss, the Court must "construe all reasonable inferences that can be drawn from the complaint in the light most favorable to the plaintiff." *Arar v. Ashcroft*, 585 F.3d 559, 567 (2d Cir. 2009) (citing *Roth v. Jennings*, 489 F.3d 499, 501 (2d Cir. 2007); and *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009)). However, the Court is "not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Dale v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 188–89 (2d Cir. 2020) (quoting *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014)).

## II.     Post-Pleading Rule 12 Motions

A Rule 12(b) motion "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Once a party has filed a responsive pleading, a 12(b) motion by that party should be construed as a Rule 12(c) motion for judgment on the pleadings. *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). A Rule 12(c) motion must be made "early enough not to delay trial," Fed. R. Civ. P. 12(c), and may be denied as untimely if it will affect trial scheduling, *see Norton v. Town of Brookhaven*, No. 2:13-cv-3520 (ADS) (GRB), 2020 WL 364159, at *4 (E.D.N.Y. Jan. 21, 2020).

## III.    Amendments Under Rules 15 and 16

Whether to grant leave to amend rests in the sound discretion of the Court. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Zahra v. Town of Southold*, 48 F.3d 674, 686 (2d Cir. 1995); and *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985)). While the Court "should freely give leave when justice so requires," Fed. R.

Civ. P. 15(a)(2), leave to amend may be denied due to "undue delay, bad faith or dilatory motive

on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the

amendment, [or] futility of amendment," *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Amendment would be futile if the proposed claim could not withstand a motion to dismiss. *F5

Capital v. Pappas*, 856 F.3d 61, 89 (2d Cir. 2017) (quoting *Balintulo v. Ford Motor Co.*, 796

F.3d 160, 164–65 (2d Cir. 2015)).

     "Where a scheduling order has been entered, the lenient standard under Rule

15(a) . . . must be balanced against the requirement under Rule 16(b) that the Court's scheduling

order 'shall not be modified except upon a showing of good cause.'" *Grochowski v. Phoenix

Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) (quoting Fed. R. Civ. P. 16(b)).  A finding of good

causes hinges on the diligence of the movant. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326,

340 (2d Cir. 2000)) (collecting cases).  The movant bears the burden of showing diligence. *See

id.*  A party does not act diligently "where the proposed amendment is based on information that

the party knew, or should have known, in advance of the motion deadline." *Fresh Del Monte

Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 174–75 (S.D.N.Y. 2014) (quoting

*Christians of Cal., Inc. v. Clive Christian N.Y., LLP*, 2014 WL 3605526, at *4 (S.D.N.Y. July 18,

2014)).  In assessing whether there is good cause, courts may also consider whether allowing

amendment will prejudice other parties. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229,

244 (2d Cir. 2007).

## **DISCUSSION**

**I.**    **ADYB's Motion To Dismiss E. Cohen's Independent
Claims For Breach Of Contract And Unjust Enrichment**

     The motion of ADYB to dismiss the independent counterclaims of E. Cohen for breach

of contract and unjust enrichment is granted in full.  E. Cohen alleges that H. Cohen and ADYB

breached the Investment Agreement by failing to allocate to him a twenty-percent interest in ADYB in exchange for his $250,000 investment in 2011.  (Def. First Am. Counterclaims ¶¶ 20–21, 127, 129–31).  E. Cohen seeks specific performance by H. Cohen and ADYB to allocate the twenty-percent interest to him.  (Def. First Am. Counterclaims ¶ 132).  He also alleges that H. Cohen and ADYB have been unjustly enriched in the form of the monies, dividends, and other pecuniary benefits E. Cohen would have received had he been a minority shareholder since 2011.  (Def. First Am. Counterclaims ¶¶ 134–36).

ADYB now moves to dismiss E. Cohen's breach of contract and unjust enrichment counterclaims.  [ECF No. 179].  In support of its motion, ADYB submitted a memorandum of law.  (Pl. Br. [ECF No. 179-1]).  In opposition to ADYB's motion, E. Cohen submitted a memorandum of law.  (Def. Opp'n [ECF No. 180]).  ADYB filed a reply.  (Pl. Reply [ECF No. 183]).  For the following reasons, ADYB's motion is granted.

### A.  E. Cohen's Breach Of Contract Counterclaim Is Untimely

E. Cohen's breach of contract counterclaim is time-barred.  Under New York law, the statute of limitations for a breach of contract claim is six years.  NY CPLR § 213(2).[3]  That statutory period begins to run when a cause of action accrues, *i.e.*, "at the time of the breach." *Hahn Auto. Warehouse, Inc. v. Am. Zurich Ins. Co.*, 18 N.Y.3d 765, 770, 967 N.E.2d 1187, 1190 (N.Y. 2012).

As E. Cohen concedes, and as affirmatively plead in his First Amended Counterclaims, the parties entered into the Investment Agreement in September 2011.  (Def. First Am. Counterclaims ¶¶ 20–21; Def. Opp'n 1).  E. Cohen's own pleadings state that, after the Investment Agreement was executed, ADYB never issued to him the twenty-percent interest in

---

[3] The parties agree that New York law governs the Investment Agreement.  [ECF No. 1 ¶ 33]; (Def. First Am. Counterclaims ¶ 36).

ADYB and never paid out to him any dividend or other monetary benefit.  (Def. First Am. Counterclaims ¶¶ 20–21).  This action commenced in August 2019 [ECF No. 1] and E. Cohen first asserted against ADYB counterclaims for breach of contract and unjust enrichment in January 2020 [ECF No. 43], well outside the statute of limitations period.  Accordingly, E. Cohen's breach of contract counterclaim is clearly time-barred.

E. Cohen's arguments that the statute of limitations should be tolled or that ADYB should be equitably estopped from asserting a statute of limitations defense here are without merit.  He first asserts that the statutes of limitations was tolled by the sworn answer of H. Cohen, made in earlier related litigation in June 2019, admitting that E. Cohen had a twenty-percent interest in ADYB.  (Def. Opp'n 3–4); *see* Answer, Dkt. No. 20, *Edan Admin. Servs. Ltd. v. Cohen*, 1:19-cv-05051 (S.D.N.Y. June 18, 2019) ("2019 H. Cohen Answer") ¶ 7.  He asserts that this admission is an acknowledgement or admission of a contractual liability that he urges tolls the statute of limitations on his breach of contract claim.  (Def. Opp'n 3–4).

Under N.Y. General Obligations Law section 17-101, a written acknowledgement of a contractual obligation made subsequent to the execution of a contract may effectively toll the statute of limitations for a breach of contract claim.  N.Y. Gen. Oblig. Law § 17-101.  However, a written acknowledgement will only toll a statute of limitations if the writing evinces an intention to pay or perform under the contract.  *Banco Do Brasil S.A. v. State of Antigua & Barbuda*, 268 A.D.2d 75, 77, 707 N.Y.S.2d 151, 152 (1st Dep't 2000); *Lew Morris Demolition Co. v. Bd. of Ed. of City of New York*, 40 N.Y.2d 516, 521, 355 N.E.2d 369, 371 (N.Y. 1976).  H. Cohen's answer in the prior litigation merely restated the terms of the Investment Agreement.  2019 H. Cohen Answer ¶ 7.  H. Cohen's answer did not evince any intention to issue shares to E. Cohen.  As such, the statute of limitations on E. Cohen's claims is not tolled by H. Cohen's answer in the prior action.

E. Cohen also argues that ADYB is equitably estopped from asserting a statute of limitations challenge to E. Cohen's breach of contract claim because, as E. Cohen alleges, ADYB and H. Cohen misled him until only recently into believing that his twenty percent interest in ADYB was secured.  (Def. Br. 7).  He asserts that he only first learned that ADYB and H. Cohen refused to recognize his twenty percent interest in ADYB in April 2020, when ADYB produced in discovery its tax returns for the years 2009 to 2019, which did not list E. Cohen's interest in ADYB.  (Def. Opp'n 8).  As a preliminary matter, E. Cohen cannot plausibly argue that his breach of contract counterclaim, filed on January 23, 2020 [ECF No. 49], is premised on facts he learned, at the earliest, in April 2020.  Moreover, as affirmatively plead in his First Amended Counterclaims, E. Cohen concedes that he never received any dividends or other money benefits owed to him based on his twenty-percent interest in ADYB.  (Def. First Am. Counterclaims ¶ 135).  Accordingly, E. Cohen was clearly on notice that ADYB never allocated his twenty-percent interest.

Regardless, E. Cohen's argument is a red herring.  By his own admission, E. Cohen's claim is not premised on a failure on the part of ADYB to *recognize* his 20% interest.  (Def. Opp'n 4–5).  Indeed, E. Cohen asserts that it is irrelevant whether ADYB recognizes his 20% interest because, as he himself concedes, he "is not making a claim for his property interest in ADYB." (Def. Opp'n 5).  Instead, E. Cohen's claim, as he states, is that ADYB breached the Investment Agreement because it never *issued* to him the twenty-percent interest.  (Def. Opp'n 5).  However, to the extent that the Investment Agreement created any obligation for ADYB to *issue* to E. Cohen his 20% interest in ADYB, any claim to enforce that obligation would be time barred under NY CPLR section 213(2).

E. Cohen's breach of contract counterclaim is time barred and, as such, fails to state a claim as a matter of law.  Accordingly, ADYB's motion to dismiss E. Cohen's breach of contract

counterclaim is granted.  Moreover, because E. Cohen's breach of contract counterclaim fails to state a claim as a matter of law, the Court *sua sponte* dismisses that claim as against H. Cohen.

### B.  E Cohen's Unjust Enrichment Counterclaim Is Also Untimely And Is Duplicative

E. Cohen's unjust enrichment counterclaim arises out of the same subject matter as his breach of contract claim.  Specifically, E. Cohen alleges that ADYB is unjustly enriched because, since 2011, ADYB has not paid to E. Cohen any dividends or other money benefits owed to him, despite his twenty-percent interest in ADYB.  (*See* Def. First Am. Counterclaims ¶¶ 134–36).

Under New York law, unjust enrichment claims are governed by a six-year statute of limitations, which begins to run "upon the occurrence of the alleged wrongful act."  *Williams-Guillaume v. Bank of Am., N.A.*, 130 A.D.3d 1016, 1017, 14 N.Y.S.3d 466, 469 (2d Dep't 2015); N.Y. C.P.L.R. 213(1).  As alleged in E. Cohen's own pleadings, since 2011, ADYB has not paid out dividends and other money benefits allegedly owed to E. Cohen.  (Def. First Am. Counterclaims ¶¶ 126–37).  E. Cohen first asserted his counterclaims for breach of contract and unjust enrichment against ADYB in January 2020 [ECF No. 43], well outside the statute of limitations period for E. Cohen's claim.  As such, his unjust enrichment claim is clearly time-barred.

Moreover, E. Cohen's unjust enrichment claim is duplicative of his breach of contract claim.  Under New York law, a valid and enforceable contract governing a particular subject matter precludes recovery for a quasi-contract claim, such as an unjust enrichment claim, for events arising out of the same subject matter.  *See Redwing Constr. Co. v. Sexton*, 181 A.D.3d 1027, 1030, 120 N.Y.S.3d 215, 219 (3d Dep't 2020); *Cooper, Bamundo, Hecht & Longworth, LLP v. Kuczinski*, 14 A.D.3d 644, 645, 789 N.Y.S.2d 508, 510 (2d Dep't 2005).  As discussed

above, E. Cohen's unjust enrichment counterclaim arises out of the same subject matter as his breach of contract claim, *i.e.*, the alleged failure to satisfy the terms of the Investment Agreement.  (*See* Def. First Am. Counterclaims ¶¶ 134–36).

E. Cohen's unjust enrichment counterclaim fails as a matter of law both because it is time-barred and because it is duplicative of E. Cohen's breach of contract counterclaim. Accordingly, ADYB's motion to dismiss E. Cohen's unjust enrichment counterclaim is granted. Moreover, because E. Cohen's unjust enrichment counterclaim fails to state a claim as a matter of law, the Court *sua sponte* dismisses that claim as against H. Cohen.

## II.    ADYB's Request For Leave To Further Amend The Amended Complaint To Assert Against E. Cohen Its Existing Breach Of Contract Claim Currently Plead Against EDAN and PAAS

The Court denies ADYB leave to amend its existing breach of contract claim to add as a counterclaim defendant E. Cohen, in addition to EDAN and PAAS.  [*See* ECF No. 181].  The deadline for amended pleadings in the Court's scheduling orders has long passed [*see* ECF No. 36 ¶ 6; ECF No. 109 ¶ 3], and ADYB has failed to show good cause for the delay.  This claim could have been asserted against E. Cohen at the outset of the case.  Good cause is not present where, as here, "the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline."  *Williams v. Town of Hempstead*, No. 16-cv-1992 (ADS) (AYS), 2017 WL 4712219, at *2 (E.D.N.Y. Oct. 18, 2017) (quoting *Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010)).

Moreover, granting the proposed amendment would be unduly prejudicial to the other parties.  "Courts in this Circuit have repeatedly found that a proposed amendment will prejudice the nonmoving party where it would require the court to reopen discovery."  *Coggins v. County of Nassau*, 254 F. Supp. 3d 500, 508–09 (E.D.N.Y. 2017) (collecting cases).  If the motion to amend were granted, discovery would need to be reopened so E. Cohen could conduct discovery

and prepare his defense.  *NAS Elecs., Inc. v. Transtech Elecs. PTE Ltd.*, 262 F. Supp. 2d 134, 151 (S.D.N.Y. 2003).  This case has been pending for almost two and a half years.  The parties have represented that discovery is complete, [ECF Nos. 156, 160], and have requested trial dates [ECF Nos. 159, 161].  Because the proposed amendment would require further discovery and ultimately delay resolution of the case, leave to amend is denied.  *See, e.g.*, *Wilson v. CoreLogic SafeRent, LLC*, 14-CV-2477 (JPO), 2016 WL 482985, at *2–3 (S.D.N.Y. Feb. 8, 2016).

### III.     H. Cohen's Request For Leave To Move To Dismiss The Breach Of Contract And Unjust Enrichment Counterclaims Of EDAN, PAAS, And E. Cohen And E. Cohen's Independent Claims For Breach Of Contract And Unjust Enrichment

The Court grants H. Cohen leave to move to dismiss the breach of contract counterclaim of EDAN, PAAS, and E. Cohen, denies leave to move to dismiss the unjust enrichment counterclaim of EDAN, PAAS, and E. Cohen, and denies as moot leave to move to dismiss E. Cohen's independent claims for breach of contract and unjust enrichment.  [*See* ECF No. 187].  The counterclaims, as asserted against H. Cohen, and E. Cohen's individual claims became operative only upon the Court's granting the motion to join H. Cohen and E. Cohen as parties in March 2021 and service thereafter of those claims on H. Cohen.[4]  (*See* Mem. Op. at 7–32).  H. Cohen should have an opportunity to move to dismiss these claims, just as the Court gave ADYB an opportunity to move to dismiss E. Cohen's individual claims.  [*See* ECF No. 175].  Nonetheless, as discussed, *see* Part I *supra*, E. Cohen's independent counterclaims for breach of contract and unjust enrichment have already been dismissed as against H. Cohen.  Accordingly,

---

[4] H. Cohen filed a waiver of the service of summons in this case.  [ECF Nos. 169, 170].

H. Cohen's request for leave to move to dismiss E. Cohen's independent claims for breach of contract and unjust enrichment is moot.

The Court, however, denies H. Cohen leave to move to dismiss, on statute of limitations grounds, the unjust enrichment claim asserted by EDAN and PAAS.  [ECF No. 45 ("Counterclaim Count V")].  In the Memorandum Opinion and Order, the Court *sua sponte* dismissed several counterclaims as asserted against H. Cohen because ADYB's arguments applied equally to him.  (Mem. Op. at 34).  The Court held that the unjust enrichment counterclaim survived with respect H. Cohen's receipt of increased monthly payments.  (Mem. Op. at 44–47).  H. Cohen answered this counterclaim and asserted an affirmative defense of statute of limitations.  [ECF No. 186 at 68.]  Therefore, the contemplated motion to dismiss would be treated as a Rule 12(c) motion for judgment on the pleadings.  *Patel*, 259 F.3d at 126. As explained above, because further motion practice will delay bringing this case to trial, leave to move to dismiss this claim is denied.  *See Horn v. Med. Marijuana, Inc.*, 383 F. Supp. 3d 114, 124 n.7 (W.D.N.Y. 2019).

## IV. EDAN And PAAS's Request For Leave To Move To Dismiss Part Of ADYB's Breach Of Contract Claim On Statute Of Limitations Grounds Or, Alternatively, To Further Amend The Amended Answer And Counterclaim To Add An Affirmative Defense Of Statute Of Limitations

The Court denies the request of EDAN and PAAS for leave to move to dismiss part of ADYB's breach of contract claim or, alternatively, to amend the Amended Answer and Counterclaim to add a statute of limitations defense.  [*See* ECF No. 176].  EDAN and PAAS have answered ADYB's breach of contract claim, so the contemplated motion to dismiss would be treated as a Rule 12(c) motion for judgment on the pleadings.  *See Patel*, 259 F.3d at 126.  At the post-discovery conference on March 2, 2021, the parties represented that discovery was

complete.[5]  [ECF No. 156].  As such, EDAN And PAAS's request, made on April 22, 2021,

almost two months after the parties represented that discovery was complete, is clearly belated

and is denied.  *See Liang v. City of New York*, No. 10-CV-3089 ENV VVP, 2014 WL 4966074,

at *2 (E.D.N.Y. Oct. 3, 2014), *aff'd sub nom. Liang v. Zee*, 764 F. App'x 103 (2d Cir. 2019)

(holding that "[i]f a party engages in excessive delay before moving under Rule 12(c), the district

court may refuse to hear the motion on the ground that its consideration will delay or interfere

with the commencement of the trial." (citation omitted)); *see also* 5C Wright & Miller, Federal

Practice and Procedure § 1367, Westlaw (database updated Apr. 2021); *Grajales v. Puerto Rico

Ports Auth.*, 682 F.3d 40, 46 (1st Cir. 2012) (cautioning district courts to hesitate to entertain a

Rule 12(c) motion after the parties have invested substantial resources in discovery); *Horn*, 383

F. Supp. 3d at 124 n.7 (declining to address as untimely 12(c) motion filed after close of

discovery and one year after deadline to amend pleadings because it "would delay trial—even

though a trial date has not been set—insofar as it would require further litigation on issues

tangential to the merits").

The Court also denies the request of EDAN and PAAS for leave to amend further its

answer to add a statute of limitations defense.  The Rule 16(b) "good cause" standard applies

because the January 9, 2020 deadline to file amended pleadings under the Court's Case

Management Plans and Scheduling Orders has long passed.  [*See* ECF No. 36 ¶ 6; ECF No. 109

¶ 3].  EDAN and PAAS have not shown good cause for their fifteen-month delay in seeking

leave to amend.  *See Grochowski*, 318 F.3d at 86 (finding no abuse of discretion in denying

motion to amend where plaintiffs waited more than one year after deadline in scheduling order

and discovery was complete).  To the extent that Defendants did not think to raise timeliness

---

[5] The parties represented that there remained outstanding two hours of H. Cohen's deposition, but the parties later resolved this issue by stipulation.  [ECF No. 160].

issues until ADYB did so in its motion to dismiss E. Cohen's individual counterclaims, the Second Circuit has explained, "ignorance of the law is an unsatisfactory excuse" for delaying in moving for leave to amend. *Creswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990) (citing *Gross v. Revlon, Inc.*, 548 F.2d 405, 407 (2d Cir. 1976)).  Moreover, this case has been pending for almost two and a half years.  The parties have represented that discovery is complete, [ECF Nos. 156, 160], and have requested trial dates [ECF Nos. 159, 161]. Accordingly, the Court denies EDAN and PAAS leave to move to dismiss or to amend their pleading.

## V.   The Request of EDAN, PAAS, And E. Cohen For Leave To Move To Dismiss H. Cohen's Counterclaims For Lack Of Subject Matter Jurisdiction

The Court grants EDAN, PAAS, and E. Cohen leave to move to dismiss H. Cohen's counterclaims for lack of subject matter jurisdiction.  [ECF No. 190].  H. Cohen timely asserted these counterclaims after he was joined as a party.  [ECF No. 188].  EDAN, PAAS, and E. Cohen have not answered these counterclaims and should have an opportunity to respond or otherwise move with respect to those claims.  Furthermore, our Memorandum Opinion and Order addressed novel, complex issues concerning supplemental jurisdiction and exceptions thereto in diversity cases under 28 U.S.C. § 1367(b).  Further briefing would aid the Court in assessing the jurisdictional basis for H. Cohen's counterclaims.  Accordingly, the Court grants EDAN, PAAS, and E. Cohen leave to move to dismiss H. Cohen's counterclaims.

## VI.   E. Cohen's Request For Leave To Further Amend The Amended Answer And Counterclaims To Add A Claim For Conversion Against ADYB And H. Cohen

The Court denies E. Cohen leave to amend further his amended answer and counterclaims to add a conversion claim against ADYB and H. Cohen regarding his twenty-percent interest in ADYB.  [ECF No. 184].  E. Cohen claims that he learned of the conversion during discovery.  [ECF No. 184].  He alleges that ADYB's tax returns from 2009 to 2019 do not

include E. Cohen's twenty-percent interest and that ADYB and H. Cohen transferred all interests in ADYB to H. Cohen's wife in late 2019 or early 2020.  [ECF No. 185].

In any event, Amendment to add a conversion claim against ADYB and H. Cohen would be futile because the Court would lack subject matter jurisdiction over the proposed claim.  In the Memorandum Opinion and Order, the Court denied as futile EDAN and PAAS's request for leave to amend to add a fraudulent conveyance claim against H. Cohen based on his conveying all of his shares in ADYB to his wife because the Court would lack subject matter jurisdiction over the claim.  (Mem. Op. 51–52).  That ruling, as law of the case, forecloses E. Cohen's proposed amendment.  *See Musacchio v. United States*, 577 U.S. 237, 244 (2016) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." (quoting *Pepper v. United States*, 562 U.S. 476, 506 (2011))).

The only potential basis for jurisdiction over E. Cohen's proposed conversion claim would be supplemental jurisdiction because there is no federal question and H. Cohen, as a U.S. citizen domiciled in Israel and therefore a citizen of no state, cannot be sued in diversity.  (Mem. Op. at 22, 51).  Courts may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  Claims "form part of the same case or controversy" when they "derive from a common nucleus of operative fact."  *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997) (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966)).  As the Court found with respect to EDAN and PAAS's proposed fraudulent conveyance claim, the Court would lack supplement jurisdiction over E. Cohen's proposed conversion claim because the claim "rests on facts completely unrelated in time and in substance to those underlying ADYB's claims—*i.e.*, the claims within the Court's original

jurisdiction." (Mem. Op. at 51); *see, e.g.*, *Schwartz v. Sensei, LLC*, 17-CV-04124 (SN), 2020

WL 5817010, at *4 (S.D.N.Y. Sept. 30, 2020) (holding that court lacked supplemental

jurisdiction over common law claims that were distinct in time and substance from federal

claims). Because the Court would lack jurisdiction over the proposed claim, leave to amend

should be denied as futile. (Mem. Op. at 51–52); *see Broidy Capital Mgmt. LLC v. Benomar*,

944 F.3d 436, 447 (2d Cir. 2019) (affirming denial of leave to amend as futile where proposed

amendment failed to establish jurisdiction).

Further, even if E. Cohen sought leave to amend to assert this claim against ADYB only,

the request is untimely. Pursuant to the Court's Individual Practice Rules ¶ 4.C., on a motion to

dismiss, the nonmoving party must notify the movant within fourteen days of filing of the motion

whether it intends to file an amended pleading. ADYB moved to dismiss E. Cohen's individual

claims on April 30, 2021 [ECF No. 179], and E. Cohen requested leave to amend on May 18,

2021 [ECF No. 184]. The Court may deny leave on this ground alone. *See Greer v. Mehiel*, No.

15-cv-6119 (AJN), 2017 WL 128520, at *1, *5 (S.D.N.Y. Jan. 12, 2017) (denying of leave to

amend in response to motion to dismiss for failure to comply with court's individual rules, noting

"had [Plaintiff] wanted to amend his complaint, he should have done so when provided that

opportunity after the Defendants filed their motions to dismiss"). Further, E. Cohen does not

explain his seven-plus-month delay in seeking leave to amend. The alleged transfer of H.

Cohen's shares in ADYB to his wife was discovered at least in October 2020 [*see* ECF No. 130].

E. Cohen did not seek leave to amend to assert this claim until May 2021 [ECF No. 184], almost

seven months later. Accordingly, the Court denies E. Cohen's request for leave to amend to

assert a claim for conversion against ADYB and H. Cohen.

Finally, E. Cohen's proposed conversion claim is essentially the same claim as the

fraudulent conveyance claim that EDAN and PAAS, owned by E. Cohen, wanted to add against

ADYB. [*See* ECF No. 130]. Now E. Cohen tries to re-dress this claim and label it as a conversion claim as opposed to a fraudulent conveyance claim. EDAN, PAAS, and E. Cohen have collectively sought leave to amend their Amended Answer and Counterclaim three times. [*See* ECF Nos. 130, 176, 184]. As discussed, E. Cohen's latest request for leave appears to be nothing more than an attempt to re-dress a potential claim that the Court already denied leave to assert in the Court's Memorandum Opinion and Order filed in March 2021. The Court is highly concerned by the dilatory conduct of EDAN, PAAS, and E. Cohen and a pattern of filing seriatim requests for leave to amend.

As the Court has repeatedly admonished, this action has been pending since August 2019. The deadline to file amended pleadings under the Court's Case Management Plans and Scheduling Orders passed *over two years ago*. Discovery is closed and the parties have requested that this action be set for a trial date. Nonetheless, over two and a half years into this action, the parties continue to seek leave to amend their pleadings, while at the same time insisting that this action is trial ready. Absent exceptional circumstances, the Court will not further entertain requests for leave to amend from these parties.

<u>**CONCLUSION**</u>

For the foregoing reasons, the Court: (1) GRANTS the motion of ADYB [ECF No. 179] to dismiss the independent counterclaims of E. Cohen for breach of contract and unjust enrichment and *sua sponte* dismisses the independent counterclaims of E. Cohen for breach of contract and unjust enrichment as against H. Cohen; (2) DENIES the request of ADYB [ECF No. 181] for leave to further amend the Amended Complaint to assert against E. Cohen its breach of contract claim currently plead against EDAN and PAAS; (3) GRANTS the request of H. Cohen [ECF No. 187] for leave to move to dismiss the breach of contract counterclaim of EDAN, PAAS, and E. Cohen, DENIES the request of H. Cohen for leave to move to dismiss the

unjust enrichment counterclaim of EDAN, PAAS, and E. Cohen, and DENIES as moot the request of H. Cohen for leave to move to dismiss E. Cohen's independent claims for breach of contract and unjust enrichment; (4) DENIES the request of EDAN and PAAS [ECF No. 176] for leave to move to dismiss part of ADYB's breach of contract claim or, alternatively, to further amend the Amended Answer and Counterclaim to add an affirmative defense of statute of limitations; (5) GRANTS the request of EDAN, PAAS, and E. Cohen [ECF No. 190] for leave to move to dismiss H. Cohen's counterclaims; and (6) DENIES the request of E. Cohen [ECF No. 184] for leave to further amend the Amended Answer and Counterclaim to add a claim for conversion against ADYB and H. Cohen.

The Court directs counsel for all parties to appear at a Status Conference on May 17, 2022, at 10:00 AM.  The Court will set a briefing schedule for the parties' motions at that conference.

One week before the conference, the parties shall submit a joint letter regarding the status of the case.  The letter should include the following information in separate paragraphs:

    a. a statement of any existing deadlines, due dates, and/or cut-off dates;

    b. a brief description of any outstanding motions;

    c. a statement describing the status of any settlement discussions and whether the parties would like a settlement conference;

    d. any other issue that the parties would like to address at the conference; and

    e. any other information that the parties believe may assist the Court in advancing the case to settlement or trial.

The Clerk of Court is respectfully requested to terminate docket entries 179 and 181.

**SO ORDERED.**

**Date:   March 28, 2022**
      **New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**