USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/20/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ADYB ENGINEERED FOR LIFE, INC.,

Plaintiff,

-against-

EDAN ADMINISTRATION SERVICES LTD. and POM ADVANCED ARMOR SOLUTIONS LLC,

Defendants.

1:19-cv-7800-MKV

OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND DENYING H. COHEN'S MOTION TO DISMISS

MARY KAY VYSKOCIL, United States District Judge:

This action arises from alleged breaches of a contract between Plaintiff ADYB Engineered For Life, Inc. ("ADYB") and Defendants Edan Administration Services (Ireland) Ltd. ("EDAN") and Pom Advanced Armor Solutions LLC ("PAAS"). Before the Court is a motion filed by EDAN, PAAS, and Edwin Cohen ("E. Cohen"), EDAN's owner, to dismiss counterclaims asserted against them by Hananya Cohen ("H. Cohen"), CEO and owner of ADYB on the ground that the Court lacks supplemental jurisdiction over this claim. [ECF No. 207]. Also before the Court is a motion by H. Cohen to dismiss the breach of contract counterclaim asserted against him personally by EDAN, PAAS, and E. Cohen on the ground that he did not personally owe any performance under the terms of the Investment Agreement, *i.e.*, the contract that is the subject of the dispute between the parties. [ECF No. 208].

The Court assumes familiarity with the facts and allegations in this case. [*See* ECF Nos. 162, 200]. For the following reasons, the motions of the Defendants and H. Cohen are denied.

## PROCEDURAL BACKGROUND

On August 20, 2019, Plaintiff ADYB commenced this lawsuit against EDAN and PAAS, asserting claims for breach of contract, conversion, and abuse of process. [ECF No. 1]. EDAN and PAAS answered and asserted several counterclaims against ADYB and H. Cohen, jointly

and severally, noting that they intended to move to add H. Cohen as a party pursuant to Federal Rule of Civil Procedure 13(h). [ECF No. 23 at 8 n.1].

After the Court (Schofield, *J.*) entered a Case Management Plan and the parties began discovery [ECF No. 36], ADYB filed an amended complaint asserting the same three claims against EDAN and PAAS. [ECF No. 45]. EDAN and PAAS filed an amended answer and, together with E. Cohen, asserted counterclaims against ADYB and H. Cohen, jointly and severally, for breach of contract, several torts, and declaratory relief. [ECF No. 49 ¶¶ 86–125, 138–39]. In addition, E. Cohen independently asserted claims against ADYB and H. Cohen, jointly and severally, for breach of contract and unjust enrichment. [ECF No. 49 ¶¶ 126–37].

After this case was reassigned to me, the parties filed several motions, including a motion by EDAN and PAAS to join E. Cohen (as counterclaim plaintiff) and H. Cohen (as counterclaim defendant) as necessary or, alternatively, permissive parties pursuant to Federal Rules of Civil Procedure 13(h), 19, and 20. [ECF No. 93]. On March 29, 2021, the Court issued a Memorandum Opinion and Order resolving several outstanding motions. [ECF No. 162]. The Court granted the motion of EDAN and PAAS to join H. Cohen and E. Cohen as necessary parties under Rule 19 of the Federal Rules of Civil Procedure. [ECF No. 162]. Subsequently, H. Cohen filed a counterclaim against EDAN, PAAS, and E. Cohen, asserting breach of contract and abuse of process. [ECF No. 188].

## LEGAL STANDARDS

### I. Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a claim must be dismissed for lack of subject-matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010). While a district court resolving a motion to dismiss under Rule 12(b)(1)

"must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction," "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits," in which case "the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (alteration, internal quotation marks, and citation omitted).

## II.     Rule 12(b)(6)

Courts evaluate a motion to dismiss a counterclaim under the same standard as a motion to dismiss a claim in a complaint. *E.g.*, *Dentsply Int'l Inc. v. Dental Brands for Less LLC*, No. 15 Civ. 8775, 2016 WL 6310777, at *2 (S.D.N.Y. Oct. 27, 2016). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

The Court must "construe all reasonable inferences that can be drawn from the complaint in the light most favorable to the plaintiff." *Arar v. Ashcroft*, 585 F.3d 559, 567 (2d Cir. 2009). However, the Court is "not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Dale v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 188–89 (2d Cir. 2020) (quoting *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014)).

**DISCUSSION**

**I.     Defendants State A Claim For Breach Of Contract Against H. Cohen Personally**

H. Cohen moves to dismiss Defendants' breach of contract counterclaim asserted against him personally on the grounds that he did not personally owe any performance under the Investment Agreement. (H. Cohen Mem. [ECF No. 209] at 1). Specifically, his argument is that the provisions of the Investment Agreement which Defendants contend H. Cohen breached actually created obligations for ADYB and not H. Cohen personally. (H. Cohen Mem. 2–4). H. Cohen contends that there is no evidence that, in personally signing the Investment Agreement, he intended to bind himself for any obligation owed by ADYB in its corporate capacity. (H. Cohen Mem. 3).

This argument is foreclosed by the Court's prior ruling in this case. In its March 29, 2021 Memorandum Opinion and Order, for purposes of ruling on Defendants' motion to join H. Cohen as a necessary party, the Court found that, based on the evidence before it at that stage, Defendants had met their burden of establishing that H. Cohen intended to substitute or at best add his personal liability for, or to, that of ADYB. [ECF No. 162, at 9–13]. H. Cohen puts forth no new evidence upon which the Court should reconsider this decision. Indeed, if anything, Defendants carried a heavier burden in their prior joinder motion where they established that H. Cohen was a necessary party to the Investment Agreement. *See Atl. Mut. Ins. Co. v. Polar Air Cargo, Ltd.*, No. 99 CIV 3176LAP JCF, 2000 WL 45706, at *2 (S.D.N.Y. Jan. 20, 2000) ("The party moving for joinder bears the burden of demonstrating that the[] conditions [for joinder] exist."). Conversely, on a motion to dismiss, the moving party — now H. Cohen — bears the burden and the Court must construe all reasonable inferences that can be drawn from the counterclaim in the light most favorable to counterclaim plaintiffs. *See Arar*, 585 F.3d at 567. H. Cohen's motion merely attempts to reargue, without submitting any new evidence, an issue

already decided by this Court. Accordingly, H. Cohen's motion to dismiss Defendants' breach of contract counterclaim is denied.

### II. The Court Has Subject Matter Jurisdiction Over H. Cohen's Counterclaim

In response to Defendants' breach of contract counterclaim joining H. Cohen as a necessary party, H. Cohen asserts a counterclaim alleging, *inter alia*, breach of contract against EDAN, PAAS, and E. Cohen. [ECF No. 188]. Defendants now move to dismiss H. Cohen's counterclaim on the ground that the Court lacks supplemental jurisdiction over his claim. (Def. Mem. [ECF No. 210] at 3–7). In particular, Defendants contend that H. Cohen is a non-diverse party aligned as a plaintiff in this action and as such cannot avail himself of 28 U.S.C. § 1367 as a basis of jurisdiction for his counterclaim.

In cases where a federal district court has original jurisdiction, the court may also exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 726 (2d Cir. 2000) (quoting 28 U.S.C. § 1367(a)). However, where, as here, an action is before the Court under diversity jurisdiction, section 1367(b) qualifies a court's exercise of supplemental jurisdiction. It provides:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367(b).

Defendants contend that section 1367(b) deprives this Court of jurisdiction over H. Cohen's counterclaim because H. Cohen is "aligned as a plaintiff." (Def. Mem. at 4). However, the Second Circuit has consistently held that "plaintiffs" in section 1367(b) "refers to the *original* plaintiff in the action, [] not to a defendant who brings a counterclaim or cross-claim, thereby becoming a third party plaintiff." *F5 Cap. v. Pappas*, 856 F.3d 61, 79 (2d Cir. 2017) (emphasis in original); *see Viacom*, 212 F.3d at 726–27. "[T]hat reading serves Congress's purpose because 'defendants are involuntarily brought into court,' whereas a plaintiff is 'master of [his] complaint.'" *F5 Cap.*, 856 F.3d at 79 (quoting *Viacom*, 212 F.3d at 727). H. Cohen is not an *original* plaintiff, nor was he joined as a plaintiff under Rule 19. Instead, Defendants moved to join H. Cohen, pursuant to Federal Rules of Civil Procedure 13(h), 19, and 20, as a counterclaim defendant (along with E. Cohen as a counterclaim plaintiff). [ECF No. 93]. That motion was granted [ECF No. 162], and thereafter H. Cohen answered and asserted counterclaims of his own. [ECF No. 186]. Thus, H. Cohen, personally, did not voluntarily choose to enter this action to assert his own claims. *See Viacom*, 212 F.3d at 727.

Defendants argue that the exercise of supplemental jurisdiction under section 1367 "depends upon the alignment of the parties." (Def. Reply [ECF No. 215] at 2–3). But the cases to which Defendants cite involve the analysis of the alignment of an *intervening* party. *See, e.g.*, *Mayer Rosen Equities LLC v. Lincoln Nat'l Life Ins. Co.*, No. 14CV10087JGKKNF, 2015 WL 9660015, at *6 (S.D.N.Y. Dec. 9, 2015); *Merrill Lynch & Co. v. Allegheny Energy, Inc.*, No. 02 CIV. 7689 (HB), 2003 WL 21435479, at *1 (S.D.N.Y. June 20, 2003). H. Cohen did not intervene or seek voluntarily to personally join this action. He was instead involuntarily added by Defendants as a counterclaim defendant.

The Court finds instructive the Second Circuit's holding in *F5 Capital v. Pappas*, 856 F.3d 61 (2d Cir. 2017). There, the Second Circuit permitted an original plaintiff, in a case

6

removed from state court under the Class Action Fairness Act, to rely on supplemental jurisdiction to assert claims against persons made parties pursuant to Rules 19 and 20. *See id.* at 82. The Court held that, although "a superficial reading" of Section 1367(b) would have prohibited such claims, it was significant that, by means of removal, it had been the *defendants* who asserted federal jurisdiction. *Id.* at 79, 81. Accordingly, because the original plaintiff chose a state court forum, Congress's concern about preventing "opportunistic plaintiffs" from evading diversity requirements did not apply. *Id.* at 82.

As was the case in *F5 Capital*, there can be little concern that H. Cohen is seeking to manipulate the requirements of section 1332 in order to avoid issues of federal jurisdiction. If Defendants were concerned that H. Cohen may have sought to circumvent the limitations of federal diversity jurisdiction in asserting his own claims, they could have simply not joined him. Having done so for the purposes of asserting counterclaims against him, they have opened the door for him to assert his own counterclaim as well. Defendants' Motion to Dismiss H. Cohen's counterclaim for lack of subject matter jurisdiction is therefore denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss H. Cohen's counterclaims is DENIED and H. Cohen's motion to dismiss the breach of contract counterclaim of Defendants is also DENIED.

**SO ORDERED.**

**Date: July 20, 2022**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**